IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                       CRIMINAL NO. 3:91-00114-03
                                       (CIVIL ACTION NO. 3:05-0070)

WILLIAM MARCEL BOYCE,

        Movant.

## FINDINGS AND RECOMMENDATION

        Following a jury trial in October of 1991, William Marcel Boyce was convicted on conspiracy and substantive counts involving cocaine base and cocaine, respectively, and on a third count in which he was charged with using and carrying a firearm during and in relation to the commission of drug trafficking crimes, in violation of 18 U.S.C. §924(c). On January 31, 1992, he was sentenced to concurrent terms of 235 months on the drug counts and to a consecutive sixty month term on the weapons count. His conviction and sentence were affirmed on appeal. United States v. Boyce, No. 92-5127, 1993WL 205125 (4th Cir. June 10, 1993). Thereafter, on April 9, 1997, Boyce filed a motion under the provisions of 28 U.S.C. §2255. In the motion and amendments and supplements to the motion he alleged the occurrence of numerous irregularities during the course of the proceedings in the district court. Relief was denied in the district court on October 8, 1999, and his appeal to the Court of Appeals for the Fourth Circuit was dismissed on May 23, 2000. United States v. Boyce, No. 99-7661, 2000 WL 719728 (4th Cir. May 23, 2000).

On January 26, 2005, Boyce filed a second §2255 motion alleging irregularities during the course of the proceedings in the district court in which he relies, inter alia, on decisions of the Court in Apprendi v. New Jersey, 530 U.S. 476 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). That motion is presently pending before the Court.

Inasmuch as "it plainly appears from the face of the motion ... and the prior proceedings in this case that the movant is not entitled to relief,"[1] dismissal without requiring a response from the United States is appropriate.

Among the changes made to 28 U.S.C. §2255 by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, (1996), are those imposing stringent limitations on the filing of successive §2255 motions. Specifically, §2255 now requires that a second or successive motion "be certified as provided in section 2244 by a panel of the appropriate court of appeals," and section 2244 requires, inter alia, that an applicant "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a second application is filed in the district court. 28 U.S.C. §2244(b)(3)(A). In the absence of "pre-filing authorization" by, in this case, the Court of Appeals for the Fourth Circuit, this Court is without jurisdiction to consider movant's successive application. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Movant has made no showing that he has filed an appropriate motion with the court of appeals seeking permission to file a successive 2255 motion, and it is apparent that he has not. This Court, accordingly, lacks jurisdiction to consider his §2255 motion.

---

[1] Rule 4(b), Rules Governing §2255 Proceedings for the United States District Courts. In this case it is clear that the Court lacks jurisdiction and that dismissal is required. See, Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

## **RECOMMENDATION**

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the §2255 motion filed by William Marcel Boyce be dismissed, without prejudice.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and to the United States Attorney.

DATED:

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE