IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION  NO. 3:91-00114-03
     (CIVIL ACTION NO. 3:05-0070)

WILLIAM MARCEL BOYCE

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court dismiss without prejudice Petitioner's motion filed pursuant to 28 U.S.C. § 2255. Petitioner objects to the Magistrate Judge's findings and recommendations. Upon *de novo* review, the Court accepts and incorporates herein the findings and recommendations of the Magistrate Judge to the extent the Magistrate Judge recommends denial of the Petitioners application and rejects the Magistrate Judge's recommendation that the denial be without prejudice. Accordingly, the Court **DENIES** with prejudice Petitioner's claim of relief.

In October 1991, a jury in the Southern District of West Virginia convicted Petitioner William Marcel Boyce of several drug and gun charges, including conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 1); using and carrying a firearm during and in relation to the commission of drug trafficking crimes, in violation of 18 U.S.C. § 924(c) (Count 2); and possession of cocaine with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18

U.S.C. §2 (Count 3).   On January 31, 1992, the Petitioner was sentenced to concurrent terms of 235 months on the two drug related counts and a consecutive sixty (60) months on the weapons violation.  He appealed his conviction and sentence to the Fourth Circuit Court of Appeals which, in a decision dated June 10, 1993, affirmed both the conviction and sentence.  *See United States v. Boyce*, No. 92-5127, 1993 WL 205125 (4th Cir. June 10, 1993).  Thereafter, on April 9, 1997, the Petitioner filed an application for review pursuant to 28 U.S.C. § 2255.  The district court denied his application on October 8, 1999 and the Fourth Circuit dismissed his subsequent appeal on May 23, 2000.  *See United States v. Boyce*, No. 99-7661, 2000 WL 719728 (4th Cir. May 23, 2000).

On January 26, 2005, the Petitioner filed a second motion pursuant to the provisions of 28 U.S.C. § 2255 alleging numerous irregularities during the proceeding in the district court surrounding his conviction and sentencing.  Specifically, the Petitioner relies on the decisions in *Apprendi v. New Jersey*, 530 U.S. 476 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005).  Pursuant to 28 U.S.C. § 636(b) and a standing order of this Court, Petitioner's application was referred to Magistrate Judge Taylor for proposed findings of fact and recommendations.  On November 4, 2005, Magistrate Judge Taylor entered his proposed findings and recommendations.  In his proposal, the Magistrate Judge recommends that because the application would be the Petitioner's second or successive such motion the motion be dismissed without prejudice.

> In regards to second or successive motions, 28 U.S.C. § 2255 provides:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>   (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

*Id.* For a § 2255 motion to be considered successive, the first petition must have been decided on the merits. *Harvey v. Horan,* 278 F.3d 370 (4th Cir. 2002). The Petitioner's first § 2255 motion was decided on the merits by this district court and the decision affirmed by the Fourth Circuit. *See United States v. Boyce*, No. 99-7661, 2000 WL 719728 (4th Cir. May 23, 2000). Therefore, the Petitioner's current § 2255 motion is considered a successive motion and pre-filing certification by the Fourth Circuit is required.

The Petitioner failed to obtain authorization from the Fourth Circuit Court of Appeal prior to filing the instant motion with this Court. Thus, pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2244, this Court lacks jurisdiction to consider the Petitioner's claims. In such a case, the Court "must either dismiss the motion for lack of jurisdiction or transfer it to the [Court of Appeals] so that [it] may perform [its] gatekeeping function under § 2244(b)(3)." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). The Magistrate Judge has recommended the Petitioner's motion be dismissed without prejudice, presumably so that he may refile the motion if he were to receive the proper authorization from the Fourth Circuit.

However, this Court finds that neither transfer to the Fourth Circuit Court of Appeals or dismissal without prejudice of the Petitioners § 2255 motion is warranted because the Supreme Court has not ruled that *Apprendi*, *Blakely*, nor *Booker* apply retroactively on collateral review. *See Tyler v. Cain*, 533 U.S. 656 (2001) (To authorize a successive § 2255 motion, the new rule of constitutional law must have been made retroactive to collateral review by the Supreme Court); *U.S. v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001) (*Apprendi* does not apply retroactively on collateral

review); *United States v. Morris*, 429 U.S. 65 (4th Cir. 2005) (*Booker* does not apply retroactively on collateral review).

The Petitioner has filed objections to the findings and recommendation of the Magistrate Judge. The Court has reviewed his objections *de novo* and finds that they are without merit.[1] Specifically, the Petitioner objects to the assertion that this Court lacks jurisdiction to hear his successive § 2255 motion. In support of his objection, the Petitioner relies upon *Sanders v. United States*, 373 U.S. 1 (1963). In *Sanders* the Supreme Court considered the standards by which a district court decides whether to grant a hearing on a motion filed pursuant to § 2255. *Id.* at 2. In that context the Supreme Court also discussed when it is proper to dismiss a successive § 2255 motion. However, the Supreme Court's decision in *Sanders* was prior to the imposition of strict limitations on the filing of successive § 2255 motions as a result of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Prior to the AEDPA successive petitions were those that "raised 'grounds identical to those raised and rejected on the merits on a prior petition.'" *U.S. v. Barrett*, 178 F.3d 34, 43 n. 4 (1st Cir. 1999) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 445 n. 6 (1986)). Following passage of the AEDPA in 1996, all petitions filed after the first § 2255 motion are considered second of successive. *Id.* Therefore, given the new standards applicable to successive § 2255 motions under the AEDPA, the Supreme Court's discussion in *Sanders* is inapplicable to the Petitioner's motion. As such, the Court **DENIES** the Petitioner's objection.

---

[1] The majority of the Petitioner's memorandum entitled "Objections to Findings and Recommendations Pursuant to Fed. R. Civ. Proc. Rule 72(b)" discusses the merits of his § 2255 motion. To the extent the Petitioner's objections center on the merits of his claims, the Court will not consider them at this time.

Accordingly, the Court **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation of the Magistrate Judge filed on November 4, 2005, to the extent the Magistrate Judge recommends denial of the Petitioners application and **REJECTS** the Magistrate Judge's recommendation that the denial be without prejudice. Accordingly, the Court **DENIES WITH PREJUDICE** Petitioner's claim of relief.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Taylor, all counsel of record, and any unrepresented parties.

ENTER: February 22, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE